UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DONALD JEFFRIES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 25-1082 (UNA) |
| | : | |
| FEDEX, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of Donald Jeffries' application to proceed *in forma pauperis*, ECF No. 2, as amended, ECF No. 3, and *pro se* submission titled "Motion for Change of Venue and to Reopen Case," ECF No. 1 ("Mot."). The Court will grant the application, deny the motion, and dismiss this civil action.[1]

Mr. Jeffries sued his former employer, Federal Express Corporation ("FedEx"), in the United States District Court for the District of Hawaii. *See* Mot. at 1. He lost. *See* Order Granting Defendant Federal Express Corporation's Motion for Summary Judgment, *Jeffries v. FedEx*, No. 1:23-cv-0358 (D. Hawaii Nov. 1, 2024). Mr. Jeffries has asked this Court to reopen the Hawaii case, transfer it to the District of Columbia, and reverse the November 1, 2024, ruling. *See generally* Mot. This the Court cannot do.

"A federal district court lacks jurisdiction to review decisions of other federal courts." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006); *see Klayman v. Rao*, 49 F.4th 550, 552 (D.C. Cir. 2022) (affirming district court's *sua sponte* dismissal "because it had no jurisdiction to review the decisions of another federal district court judge or of [the D.C.

---

[1] Although "[a] civil action is commenced by filing a complaint with the court," Fed. R. Civ. P. 3, Mr. Jeffries has not filed one.

1

Circuit]"); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Jones v. U.S. Supreme Court*, No. 10-cv-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) ("This court is not a reviewing court and cannot compel Supreme Court justices or other Article III judges in this or other districts or circuits to act."), *aff'd sub nom. Jones v. Supreme Court of United States*, 405 F. App'x 508 (D.C. Cir. 2010), *aff'd*, 563 U.S. 914 (2011).

An Order is issued separately.

DATE: April 30, 2025

/s/
TANYA S. CHUTKAN
United States District Judge